IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SHELTER MUTUAL INSURANCE CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17-CV-412-SMY-RJD |
| | ) | |
| ALAN CAMPBELL and JERRY KNOBELOCH, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

Pending before the Court is Defendant Alan Campbell's Motion to Dismiss Pursuant to *F.R.C.P.* 12(b)(6) (Doc. 8). Plaintiff Shelter Mutual Insurance Co. ("Shelter") responded (Doc. 15). For the following reasons, the Motion is **DENIED**.

### Background

This declaratory judgment action arises from an incident which took place on May 24, 2016 (Doc. 1 ¶ 7). On that date, Jerry Knobeloch went to 115 East 2nd Street, Centralia, IL, to help Campbell start the engine of his motor home (Doc. 1 ¶ 7). Campbell tried to get the engine to start by pouring gasoline into the carburetor (Doc. 1 ¶ 13). The gasoline exploded in a burst of flames (Doc. 1 ¶ 13). As a result, Knobeloch sustained burns (Doc. 1 ¶ 13).

At the time of the incident, Campbell had several insurance policies from Shelter, including: automobile, homeowners, and general liability (Doc. 1 ¶ 1). On August 3, 2016, as a result of his injuries, Knobeloch sued Campbell in state court for negligence (Doc. 1 ¶ 12). Shelter accepted defense of the claim under Campbell's auto policy (Doc. 1 ¶ 20).

On December 12, 2016, counsel for Knobeloch, through written correspondence, asserted that in addition to Campbell's auto policy, Campbell's homeowners and general liability policies

cover the underlying litigation (Doc. 1 ¶ 21). The correspondence served as a demand for coverage in an amount exceeding Campbell's auto policy limits, should Knobeloch's civil action prevail (Doc. 1 ¶ 21).

Shelter maintains that the terms of the homeowners policy issued to Campbell expressly exclude damages arising from "the ownership, maintenance, operation, use or entrustment," of "land motor vehicles" or "motorized vehicles" (Doc. 1 ¶¶ 23-32). Similarly, Shelter contends there is an exclusion for injuries arising out of the ownership, or maintenance of an automobile, owner or operated by any insured under Campbell's general liability policy (Doc. 1 ¶ 30). On April 21, 2017, Shelter filed a two-Count Complaint with this Court, seeking a declaration that it has no duty to defend or indemnify Campbell under the homeowners and general liability policies (Doc. 1 ¶ 1).

## **Discussion**

To survive a Rule 12(b)(6) motion to dismiss, the Complaint must give enough factual information to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Relative to the claim in this case, an insurer's duty to defend is determined by comparing the allegations in the underlying Complaint to the relevant provisions of the insurance policy. *Health Care Indus. Liab. Ins. Program v. Momence Meadows Nursing Ctr., Inc.*, 566 F.3d 689, 694 (7th Cir. 2009). "An insurer is obligated to defend its insured if the underlying complaint contains allegations that potentially fall within the scope of coverage." *Gen. Agents Ins. Co. of Am., Inc. v. Midwest Sporting Goods Co.*, 828 N.E.2d 1092, 1098 (2005).

An insurer may refuse to defend only if "it is clear from the face of the underlying complaint that the allegations set forth in the complaint fail to state facts that bring the case within, or potentially within, the coverage of the policy." *Id.* at 360. Whether an insurer's

cover the underlying litigation (Doc. 1 ¶ 21). The correspondence served as a demand for coverage in an amount exceeding Campbell's auto policy limits, should Knobeloch's civil action prevail (Doc. 1 ¶ 21).

Shelter maintains that the terms of the homeowners policy issued to Campbell expressly exclude damages arising from "the ownership, maintenance, operation, use or entrustment," of "land motor vehicles" or "motorized vehicles" (Doc. 1 ¶¶ 23-32). Similarly, Shelter contends there is an exclusion for injuries arising out of the ownership, or maintenance of an automobile, owner or operated by any insured under Campbell's general liability policy (Doc. 1 ¶ 30). On April 21, 2017, Shelter filed a two-Count Complaint with this Court, seeking a declaration that it has no duty to defend or indemnify Campbell under the homeowners and general liability policies (Doc. 1 ¶ 1).

## **Discussion**

To survive a Rule 12(b)(6) motion to dismiss, the Complaint must give enough factual information to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Relative to the claim in this case, an insurer's duty to defend is determined by comparing the allegations in the underlying Complaint to the relevant provisions of the insurance policy. *Health Care Indus. Liab. Ins. Program v. Momence Meadows Nursing Ctr., Inc.*, 566 F.3d 689, 694 (7th Cir. 2009). "An insurer is obligated to defend its insured if the underlying complaint contains allegations that potentially fall within the scope of coverage." *Gen. Agents Ins. Co. of Am., Inc. v. Midwest Sporting Goods Co.*, 828 N.E.2d 1092, 1098 (2005).

An insurer may refuse to defend only if "it is clear from the face of the underlying complaint that the allegations set forth in the complaint fail to state facts that bring the case within, or potentially within, the coverage of the policy." *Id.* at 360. Whether an insurer's

indemnity obligation is premature depends on whether it has been determined that the insurer is liable to someone, subject to court's discretion, when asking for declaratory relief. *Bankers Trust v. Old Republic Ins. Co.*, 959 F.2d 677, 680 (7th Cir. 1992).

Here, Campbell contends that Plaintiff's request for declaratory judgment is moot, abstract, advisory, and as such, should be denied. He relies on a variety of cases to support his contentions. First, Campbell cites *Aetna Life Ins. Co. v. Haworth*, 57 S.Ct. 461, 81 L.Ed. 617 (1937). In *Aetna*, the insurance company sought a declaratory judgment where there was no underlying litigation. The "[…] sole object of [the] proceeding [was] to furnish plaintiff an opportunity to establish […] its alleged defense to such anticipated litigation […]" *Id*. at 697. Here, however, there is a justiciable underlying civil action in State court. Moreover, Knobeloch has notified Shelter that he is seeking payment for his damages from Campbell's homeowners and general liability policies, in addition to his auto policy. Knobeloch's demand seeks monetary damages that exceed his auto policy limits.

Campbell also cites *Atlanta Intern. Ins. Co. v. Atchison, Topeka and Santa Fe Ry. Co.*, 938 F.2d 81 (7th Cir. 1991), in which the Seventh Circuit upheld the dismissal of a declaratory judgment action, for lack of subject matter jurisdiction. The trial court had entered judgment against the insured for Sherman Act violations; however, no payment had been demanded from the insurance company at the time judgment was entered. *Id*. at 83. In other words, the insurer sought a declaratory judgment based on the *potential* that the prevailing parties would demand payment from them. *Id*. at 83. Again, this case is distinguishable as Shelter's claim involves an actual case and controversy.

The other cases cited by Campbell also provided no support for his contentions. For example, Campbell relies on *Zessar v. Keith*, 536 F.3d 788 (7th Cir. 2008) for the proposition

that Shelter's request for a declaratory judgment is moot. In *Zessar*, the court concluded that an amendment to a relevant statute rendered the issue before it moot. As such, *Zessar* has no bearing on the issues presented here. Similarly, Campbell cites *Johnson-Kennedy Radio Corp. v. Chicago Bears Football Club, Inc.*, 97 F.2d 223 (7th Cir. 1938) – a case in which the plaintiff requested an injunction where no underlying case or controversy existed. *Id*. at 224.

Shelter correctly points out that once they were put on notice that their insured was being sued, and that Knobeloch was filing a claim under Campbell's homeowners and general liability policies in addition to his auto policy, they were required either defend Campbell under a reservation of rights or to seek a declaration of its obligations under each policy. *Martin*, 710 N.E.2d 1228 at 1231. They chose the latter.

Obviously, a judgment entered in this case will do more than answer an academic question or provide an advisory opinion. It will be binding and will resolve the issue of available insurance coverage for the underlying state litigation. The fact that Shelter accepted Campbell's defense through his auto policy does not negate Illinois law regarding its duty to defend and indemnify under the homeowners and general liability policies. Accordingly, Defendant's Motion for Dismiss is **DENIED**.

**IT IS SO ORDERED.**

**DATED: June 22, 2018**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**
